108 F.3d 1380
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin BROWN, Defendant-Appellant.
 No. 95-3647.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 4, 1997.*
Decided March 12, 1997.
 
 Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 On October 3, 1995 a jury found appellant Kevin Brown guilty of conspiring to possess with intent to distribute cocaine and attempting to possess with intent to distribute cocaine. 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 846. In this direct appeal, Brown claims that his right to be tried by an impartial jury was violated because the district court did not dismiss a particular juror. The juror in question, Patricia Loehrer, indicated during voir dire that her son and daughter-in-law had been victims of a home intrusion robbery, in which they were tied up and held at gunpoint by assailants who were black. (Appellant Brown is black.) Prosecutor Gail Hoffman asked Loehrer whether she "would be able to set that experience aside and be fair in this case." The transcript of proceedings that was filed in this court indicated that Loehrer stated: "I don't think so." (Transcript Vol. 2 at 35.) In response to a question proffered by defense counsel as to whether the fact that the perpetrators of the crime against her relatives were black would hinder her ability "to try this case and listen to the evidence," she answered, "No." Id. at 39. Brown's trial attorney did not attempt to exclude Loehrer from the jury. On appeal, Brown claims that the district court erred in not excluding Loehrer from the jury.
 
 
 2
 After Brown had filed a notice of appeal, the government made a motion pursuant to Federal Rule of Appellate Procedure 10(e) to correct the record. (R. 64.) In support of its motion, the government presented the affidavit of Heidi J. Trapp, the court reporter who was assigned to record and transcribe the proceedings of Brown's trial. Trapp stated in her affidavit that at the government's request she reviewed the portion of the transcript that indicated Loehrer answered "I don't think so" in response to the prosecutor's inquiring whether she could be fair in Brown's case notwithstanding her relatives' being crime victims. Trapp stated that upon comparing the transcript with her original notes she concluded that Loehrer's answer should have been transcribed as "I think so" instead of "I don't think so." (R. 64.)
 
 
 3
 On May 21, 1996, the district court held a hearing on the government's motion to correct the record. At the hearing the court accepted into evidence the affidavit of Assistant United States Attorney Rodney L. Cubbie. He stated he took part in a three-way phone conversation with Loehrer and Assistant United States Attorney Christian Larson on May 20, 1996. Larson read to her the portion of the transcript from the voir dire that indicated that Loehrer stated that she could not be fair and impartial. Cubbie stated that Loehrer responded that this was not an accurate rendition of what she had said and that she had indicated that she could act fairly in Brown's case.
 
 
 4
 Heidi Trapp also testified at the motion to correct hearing. She reiterated what she had stated in her affidavit. That is, she stated that she erred in transcribing Loehrer's answer to the question of whether she could be fair and impartial, she transcribed it as "I don't think so," when in fact her notes indicated that Loehrer stated "I think so." Both the prosecution and defense attorneys who participated in the voir dire testified. Each indicated having the recollection that Loehrer stated that she could be fair and impartial and both claimed that they would have objected to her being a juror if she had indicated otherwise. Defendant Brown, his wife and his mother each testified that Loehrer had indicated that she could not be fair and impartial.
 
 
 5
 The district court granted the government's motion to correct the record. The judge, who had presided at the trial, noted that if Loehrer had in fact indicated that she would not be fair or impartial that it would be surprising that neither he nor either attorney would challenge the juror's being impaneled. He also noted that in response to the defense attorney's question about whether the fact that the perpetrators of the crime against her relatives were black would prevent her from being a fair juror in a case involving Brown, who was black, Loehrer indicated that it would not. The judge also gave credence to the testimony and affidavit of court reporter Trapp.
 
 
 6
 On appeal, Brown has not challenged the district court's order to correct the record. In addition, we conclude, based upon the evidence that was presented in the hearing, that the trial judge acted properly in correcting the record. We find it hard to believe that a judge and two trial attorneys would allow Loehrer to be seated as a juror had she indicated that she could not render a fair verdict. In fact when a different juror, Martha Petit, indicated that because her cousin was murdered she thought she could not be fair in Brown's case, the Assistant United States Attorney asked that Petit be excused and the judge granted the request. (Transcript Volume 2 at 36.) In addition, Trapp's explanation was reasonable. Therefore, we accept the transcript in its corrected form.
 
 
 7
 Taking the record in its corrected form, the issues facing this court is whether Brown's right to a fair jury was violated by the impanelment of a juror who had stated that her son and daughter-in law had been victims of a violent crime committed by black perpetrators and whether Brown's attorney fell below the minimum level of performance that the Constitution mandates. Brown's trial attorney did not challenge Loehrer's impanelment. Such an omission limits appellate review to plain error. Fed.R.Crim.P. 52.
 
 
 8
 We give great deference to the trial court's refusal to remove a juror for bias; we will overturn the trial judge's determination that a juror is impartial only for manifest error. Mu'Min v. Virginia, 111 S.Ct. 1899, 1907 (1991); United States v. Durman, 30 F.3d 803, 809 (7th Cir.1994). In the present case the judge did not make an explicit ruling on whether Loehrer was impartial; it was implicit in his allowing her to serve on the jury that he concluded that she was not biased. This conclusion did not amount to error, plain or otherwise. The fact that Loehrer's relatives had been crime victims does not automatically disqualify her from serving on a criminal jury. The issue presented to the jury was whether Brown had committed the crime with which he was charged. There is no reason to assume that one who has been (or knows someone who has been) a crime victim, would wish to visit punishment upon an innocent person. Moreover, Loehrer stated that neither the fact that her son and daughter-in-law had been crime victims, nor the fact that the perpetrator of that crime, like Brown, was black would interfere with her ability to render an impartial verdict. Brown's right to an impartial jury was not violated.
 
 
 9
 We discuss one final point. In his appellate brief, Brown states that his trial counsel "did not provide a vigorous effort to see to it that the final jury selected was without bias or prejudice." (Brief of Appellant at 5.) In order to advance a particular argument, the appellant must file a brief that "contain[s] the contentions of the appellant on the issues presented, and the reasons therefor, and parts of the record relied on." Fed.R.App.P. 28(a)(6); see Pelfresne v. Village of Williams Bay, 917 F.2d 1017, 1023 (7th Cir.1990) ("We have made it clear that a litigant who fails to press a point by supporting it with pertinent authority or showing why it is sound despite the absence of supporting authority or in the face of contrary authority forfeits the point.") While one might infer from his brief that Brown wishes to argue that his trial attorney was ineffective, this passing reference is not sufficient to advance the argument on appeal. Therefore, we hold that he has forfeited the argument that he received ineffective assistance of counsel.
 
 
 10
 It is clear from the record, moreover, that even if Brown had properly asserted an ineffective assistance of counsel argument, we would have concluded that his attorney provided adequate representation. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance fell below an objective level of reasonableness and that he was prejudiced by such. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Bradford, 78 F.3d 1216, 1225 (7th Cir.), cert denied, 116 S.Ct. 1581 (1996). As stated above, there was no reason to assume that Loehrer would not be able to be an impartial juror. Counsel's decision not to challenge Loehrer for cause (or to make a preemptory challenge) cannot be considered a decision that was objectively wrong and therefore does not meet the standard enunciated in Strickland.
 
 
 11
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)